UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PRINCE D. KEY,

       Petitioner,

      v.                                   Case No. 06-C-1318

PHIL KINGSTON, Warden,
Waupun Correctional Institution,

       Respondent.

## ORDER DISMISSING MIXED HABEAS PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST

On December 27, 2006, the petitioner, Prince D. Key ("Key"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that on July 22, 2004, he was convicted of first degree intentional homicide for which he was sentenced to serve a life term in prison (with eligibility for extended supervision after 60 years). Key's petition demonstrates that on May 25, 2006, the Wisconsin Court of Appeals affirmed Key's judgment of conviction and that on August 31, 2006, the Wisconsin Supreme Court denied Key's petition for review.

After reviewing Key's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this court ordered the respondent, Phil Kingston ("Kingston"), to file an answer to the petition. Thereafter, on February 13, 2007, Kingston filed (1) a motion to dismiss the petition due to Key's failure to exhaust his state remedies in accordance with 28 U.S.C. § 2254(b)(1)(A) and (2) a motion to stay the time for filing his answer pending the disposition of the motion to dismiss.

For the reasons which follow, the respondent's motion to dismiss will be granted and the respondent's motion to stay will be denied as moot.

Accompanying Kingston's motion to dismiss was a copy of Key's brief which he filed in the Wisconsin Court of Appeals. The only issue raised in that brief was whether there was sufficient evidence to support Key's conviction. Not surprisingly, that is also the only issue addressed by the court of appeals in its decision affirming Key's conviction (a copy of that decision was also submitted along with the motion to dismiss). That same issue is raised in Key's federal habeas corpus petition. However, that is not the only issue raised in Key's habeas petition. In addition to the sufficiency of the evidence, Key's habeas petition also asserts numerous claims challenging the effectiveness of appellate counsel. Those claims have undisputedly not been presented to the Wisconsin state courts. Yet, according to the respondent,

> [r]egardless of whether the alleged ineffectiveness of [the appellate attorney] occurred in circuit court or in the Wisconsin Court of Appeals, Key still has available a state court remedy for presenting his claims. If the ineffectiveness was the failure to file a Wis. Stat. § 809.30 motion as part of the appeal process, then Key can raise this via a Wis. Stat. § 974.06 motion in the trial court. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 556 N.W. 2d 136 (Ct. App. 1996).
>
> If, however, [the appellate attorney's] alleged ineffectiveness occurred in the Wisconsin Court of Appeals, that is where he should file a state habeas corpus petition. *See State v. Knight*, 168 Wis. 2d 509, 484 N.W. 2d 540 (1992).
>
> Either way, Key has available adequate state court remedies to raise some, if not all, of the ten unexhausted claims raised in his federal habeas petition.

(Resp's Br. at 4.) In other words, Key has filed a mixed petition, containing both exhausted and unexhausted claims.

Title 28 U.S.C. § 2254(b)(1) provides as follows:

2

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --

(A) the applicant has exhausted the remedies available in the courts of the State;
(B) (i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

A claim is considered exhausted only if the petitioner has provided the state courts with a full and fair opportunity to review his claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This generally requires appealing state court decisions all the way to the state supreme court. *See O'Sullivan*, 526 U.S. at 847.

Furthermore, a petition for writ of habeas corpus should be dismissed without prejudice if state remedies are not exhausted as to any one of the petitioner's claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). The rule of *Rose v. Lundy* is to be "strictly enforced." *Strickland v. Washington*, 466 U.S. 668, 684 (1984).

Given it to be undisputed that Key's claims for ineffective assistance of appellate counsel have not been exhausted, and given that there is an available avenue in the state courts for Key to pursue such claims, Key's petition for writ of habeas corpus will be dismissed without prejudice, pursuant to *Rose v. Lundy*. Such action by the court should not interfere with Key's being able to re-file his federal habeas petition in timely fashion. *See* 28 U.S.C. § 2244(d)(1) and (2).

**NOW THEREFORE IT IS ORDERED** that the respondent's motion to dismiss for failure to exhaust be and hereby is **GRANTED**;

3

**IT IS FURTHER ORDERED** that the petitioner's petition for writ of habeas corpus be and hereby is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that the respondent's motion to stay be and hereby is **DENIED AS MOOT**.

**SO ORDERED** this 20th day of February 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge